UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 6:20-cr-23-Orl-18DCI

WILMER EDUARDO MEJIA-PALACIOS

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR BOND PENDING APPEAL**

The United States of America, by and through its undersigned counsel, files this Memorandum in Opposition to Defendant's Motion for Bond Pending Appeal, as follows:

**I. INTRODUCTION**

On September 11, 2020, the defendant was found guilty at trial, as to a four count Superseding Indictment charging False Statements to A Licensed Firearms Dealer, in violation of 18 U.S.C. § 924(A)(i)(a). Doc. 53. The defendant was thereafter remanded into custody of the United States Marshals Service (USMS) pending sentencing. On September 30, 2020, the defendant filed a Motion for Release Pending Appeal under 18 U.S.C. § 3143(b) in which he seeks to remain out of prison pending an appeal. (Doc. 55). The defendant, however, cannot show by clear and convincing evidence that he is not likely to flee or that he does not pose a danger to the safety of any other

person or the community if released. Nor has he raised any substantial legal or factual issues on appeal that are likely to result in reversal or a sentence that does not include a term of imprisonment. Accordingly, his motion should be denied.

## ARGUMENT AND CITATION OF AUTHORITIES

The Bail Reform Act, 18 U.S.C. § 3143(b), presumes that a defendant who has been convicted, sentenced to a term of imprisonment and who has filed an appeal or a petition for a writ of certiorari, should be detained without bond. See *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985). It is also presumed that a defendant's conviction is valid and that a defendant should be incarcerated. *Id.* at 901. A defendant bears the burden to overcome this presumption, and the statute makes clear that release is the exception. *Id.* The defendant, has yet to be sentenced to a term of imprisonment, but faces a possible prolonged period of confinement on December 16, 2020 at sentencing. In fact, the initial PSR calculates his guidelines imprisonment range as 41 months to 51 months. Assuming the defendant is sentenced to a term of imprisonment and the defendant does in fact file an appeal, which he has not yet done, (Doc. 55), this Court may permit the defendant to remain free on bond pending appeal only if the defendant demonstrates to this Court the following four factors:

(1) that the defendant is not likely to flee or to pose a danger to the safety of any other person or to the community if released;

(2) that the defendant's appeal is not for the purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if the substantial question is determined favorably to the defendant on appeal, the decision is likely to result in reversal of conviction, an order for a new trial of all counts on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *Giancola,* 754 F.2d at 901; *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). The defendant must demonstrate factors (1) and (2) by clear and convincing evidence. *Giancola*, 754 F.2d at 901.

### A. RISK OF FLIGHT AND DANGER TO THE COMMUNITY

The United States does argue that the defendant is a danger to the community, and would remind the Court that the defendant did seek to obtain a firearm on four separate occasions under false pretenses for which he was found guilty at trial. The defendant, also has not shown by clear and convincing evidence that he is not likely to flee pending appeal. The defendant has been convicted at trial and faces a significant term of imprisonment,

thereby providing him an incentive to flee. The defendant also, as was adduced in the trial record, has no legal status in the United States. The natural consequence of the guilty verdict at trial, is an outcome that most likely will have an adverse effect on the defendant's ability to remain voluntarily within the United States. The fact that the defendant did not flee while on bond pending trial does not mean that he will not now reassess his options. There is in fact, now, a significant change in circumstances of the defendant's status, in that as of September 11, 2020, he is not presumed innocent of any offenses, but rather is a convicted felon for lying on four separate occasions on a federal firearms transaction form. Accordingly, the Defendant has failed to show by clear and convincing evidence that he is not a flight risk and his motion should be denied.

### B. ANALYSIS OF THE PROSPECTIVE APPEAL DOES NOT RAISE A SUBSTANTIAL QUESTION OF LAW OR FACT LIKELY TO BE OUTCOME DETERMINATIVE

In addition to showing by clear and convincing evidence that he is not a flight risk or a danger, the defendant, in order to secure release pending appeal, must convince this Court that the defendant's appeal will raise a substantial question of law or fact likely to result in reversal of conviction, an order for new trial on all counts on which imprisonment has been imposed, a sentence that does not include a term of imprisonment, or a reduced sentence

4

to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Giancola*, 754 F.2d at 900. This is a two-pronged analysis, and the defendant must satisfy both prongs.

To satisfy the first prong, the defendant must show that the appellate issue has merit as a substantial question. The government would submit he has not. To satisfy the second prong, the defendant also must show that the appellate issue, if resolved in the defendant's favor, would be outcome determinative as specified in the statute. Thus, the defendant must, show that the outcome, if favorable to him, would be a reversal or a new trial as to all counts of conviction, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See United States v Wilson*, 709 F. Supp. 1411, 1143 (S.D. Fla. 1989); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). The government would submit such is not the case.

The defendant has not raised an issue with merit as a substantial question of law. A substantial question must be a "close question" that could be decided the other way. *Giancola,* 754 F.2d at 901. A question that has already been decided by controlling precedent is not a substantial question. *Miller*, 753 F.2d at 23-24. Similarly, a question that has not been decided by

controlling precedent is not a substantial question if the issue simply has not been addressed because it is patently without merit. *Giancola*, 754 F.2d at 901. Nor is a question a substantial question, even though no precedent exists in this Circuit on the question, provided no real reason exists to believe that this Circuit would depart from the resolution of the question in other circuits. Id. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* The defendant has identified one issue in his motion that he claims presents substantial questions. This issue was previously raised by the defendant and addressed by the Court during trial. For the reasons set forth below, this issue is not a substantial question or outcome determinative. Accordingly, the defendant's Motion should be denied.

      The issue raised by the defendant in his motion, is a contention that he was denied a fair and impartial trial by virtue of a juror's possible connection to a government's fact witness and the Court's exercise of cause challenges. The government would rely upon the trial record for the exact nature of the claim raised. However, the claim raised by the defendant does not guarantee a reversal of his convictions. Put another way, the defendant's claim is not outcome determinative. The defendant nevertheless maintains that his appeal from his conviction is likely to result in an order of a new trial. (Doc. 55.)

      i.    **It is the discretion of Court to excuse jurors and that is not a substantial question of law or fact likely to result in reversal**

As to the alleged erroneous decision of the trial court not to excuse a prospective juror for cause upon a suggestion of partiality, such a decision, is within the sound discretion of the trial judge. See *United States v. Taylor,* 554 F.2d 200, 202 (5th Cir.1977). This determination is essentially one of credibility. In the end, subject to constitutional limitations, a "trial court has a great deal of discretion in deciding to excuse a juror for cause," and "[a]n appellate court ordinarily will not second guess such a determination." *United States v. Essex,* 734 F.2d 832, 845 (D.C.Cir.1984). As Courts have said on numerous occasions, the trial court's resolution of such questions is entitled, even on direct appeal, to "special deference." *E.g.*, *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 500 (1984). See *Marshall v. Lonberger,* 459 U.S. 422, 434–435 (1983). See *Wainwright v. Witt,* 469 U.S. 412, 428 (1985). (respecting the trial judge's proximity to the venire and the determinations of credibility and demeanor that *voir dire* involves). A trial judge must consider whether a prospective juror has such a fixed opinion, based on his bias, that he "could not judge impartially the guilt of the defendant." *Patton v. Yount,* 467 U.S. 1025, 1035 (1984). The government would submit, this issue was addressed by the Court, and there was no showing of actual or presumed

7

prejudice by the defendant as adduced from the record of the proceedings.[1] Thus, this claim is not outcome determinative as it does not raise a substantial question of law or fact likely to result in a reversal.

### ii. No Due Process violation occurred when a Juror was to have known a witness.

There are of course factual and legal questions to be considered in deciding whether a juror is qualified. The government would construe from the defendant's motion (Doc. 55) that due to a juror knowing a fact witness, there existed alleged juror bias. The constitutional standard, is that a juror is impartial only if he can lay aside his opinion and render a verdict based on the evidence presented in court is a question of federal law. *See Irvin v Dowd,* 81 U.S.1639, at 1642, 1643 (1983). The record of the case, is such that a juror on the venire, may have known a government witness only after the witness had removed their facemask to testify. However, the nature of the relationship as adduced on the trial record by inquiry of the Court, is tangential at best. The purported relationship in question demonstrates no evidence of bias towards the defendant. Additionally, the testimony of this fact witness for whom the

---

[1] *See, United States v Martinez Salazar*, 528 U.S. 304 (2000), which held in part that, the fact that a defendant was required to use a preemptory strike against a juror who should been excused for cause does not diminish a defendants rights under FRCP 24, to have a full allotment of preemptory strikes.

juror may have known, was only relevant to a single count of the four count indictment. The record would further reflect, that the witnesses' testimony did not intercede, relate or effect the admission of evidence, the weight of that other evidence, or the burden of proof by the government as to the other three counts of the indictment. It should also be noted that the juror was instructed on a cautionary instruction of a single defendant with multiple counts. [2]

Due process does not require a new trial just because a juror has prior knowledge of a witness. Due process means a jury capable and willing to decide the case solely on the evidence before it. Thus, despite an asserted contention by the defendant, that the defendant was deprived of a Sixth Amendment right to trial by impartial jury; there was no evidence of actual bias by the juror in question.[3] The juror, was sworn by the Court, questioned,

---

[2] See Courts Jury Instructions (Doc 48 at 10), which reads "B10.2 Caution: Punishment (Single Defendant, Multiple Counts). Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime that must not affect your verdict for any other crime.

[3] For examples of where no due process violations have occurred, *See United States v. McFarland,* 34 F.3d 1508 (9th Cir. 1994) (substitution of alternate juror after deliberations have begun is not inherently prejudicial); S*ee also Tanner v. United States,* 483 U.S. 107, 126 (1987) (jurors falling asleep during testimony are not incompetent); *Tinsley v. Borg,* 895 F.2d 520, 529 (9th Cir. 1990) (declined to find implied bias from a juror's employment alone even where closely related to the substance of the case). *cert. denied,* 498 U.S. 1091 (1991); *United States v. Plache,* 913 F.2d 1375, 1378 (9th Cir. 1990).

and stated their relation to the witness. The government would again rely upon the official transcript of the proceedings, but the alleged relationship, at best, even upon the defendant's recantation, (Doc. 55), cannot be said to be a relationship that would render any indicia of a motivation of bias against the defendant. Moreover, there is no evidence presented by the defendant that the juror in question indicated that he could not render a fair and impartial verdict. In fact, the juror, upon the government's recollection of the record of proceedings, affirmatively stated that his relation to the witness did not affect his ability to be fair and impartial. Nor, did that same relationship, affect his ability to render a verdict or follow the law and rely upon the evidence of the case in reaching his deliberation.

A juror's bias may be implied if the juror has a special relationship with a party, such as a familial or master-servant relationship. *United States v. Rhodes,* 177 F.3d 963, 965 (11th Cir. 1999). Here, there is no clear and convincing evidence of a "close connection" to the witness by the juror. Thus, the defendant, has not met the standard to imply that the juror in question was a biased juror. Furthermore, "[O]nly in extreme or extraordinary cases should bias be presumed." *Plache,* 913 F.2d at 1378. The defendant has not advanced any specific facts evincing bias that prejudiced his right to an impartial jury or has contended that the juror somehow tainted the remaining jurors. Absent

any proof or documentation of prejudice, the Court cannot assume that prejudice occurred. *See United States v. Copeland,* 51 F.3d 611, 613-14 (6th Cir. 1995). The Sixth Amendment guarantee of a trial by jury requires the jury verdict be based on the evidence produced at trial. *See Turner v. State of Louisiana,* 379 U.S. 466, 472 (1965); *Irvin v. Dowd,* 366 U.S. 717, 722 (1961). Such is the case here. There is no showing by the defendant to the contrary. Further, "[t]here is no constitutional prohibition in jurors simply knowing parties involved or having knowledge of the case." *See U.S. v. Davis*, 306 F.3d 398 (7th Cir. 2002) (citing *McQueen v. Scroggy,* 99 F.3d 1302, 1320 (6th Cir. 1996). Therefore, merely because the juror may have known the government witness, without more, does not rise to the level of prejudice for purposes of declaring a mistrial. Therefore, this claim by the defendant is not a substantial question of law or fact likely to result in a reversal.

### III. CONCLUSION

The defendant has not proven by clear and convincing evidence that he is not a risk of flight and has not shown any substantial question of law or fact likely to result in a reversal, an order for new trial, or a sentence that does not

include a term of imprisonment. Therefore, the Defendant's Motion for Bond Pending Appeal should be denied.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   /s/ Terry B. Livanos
        TERRY B. LIVANOS
        Assistant United States Attorney
        Florida Bar No. 86092
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:   (407) 648-7643
        E-mail:     Terry.livanos@usdoj.gov

U.S. v. Mejia-Palacios         Case No. 6:20-cr-23-Orl-18DCI

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Howard J. Schumacher, Esquire

*/s/ Terry B. Livanos*
TERRY B. LIVANOS
Assistant United States Attorney
Florida Bar No. 86092
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Terry.livanos@usdoj.gov